S. F. KNIGHT v. L. R. WILLARD and G. H. Ruth, Copartners as Marshall Oil Company.

(143 N. W. 346.)

Plaintiff brings action for damages alleged to be caused by the use in his automobile of lubricating oil furnished by the defendants. Evidence examined and *held:*

**Action — damages — automobile — defective oil — evidence.**

1. That plaintiff has failed to show that the oil was defective, the only evidence of a defect in the oil being the presence in the cylinders and crank case of a carbon deposit which might have been occasioned by an overflow of the oil into the combustion chambers, due to wear in the cylinders; and there is no evidence that said wear was occasioned by the oil in question, rather than by ordinary use of the machine.

**Evidence — hearsay.**

2. A sample of the oil was submitted to the Agricultural College for analysis, but, the records being destroyed, plaintiff was unable to produce the person who made the analysis or the record of the same. A letter written by Professor .Ladd, based upon hearsay evidence, was properly excluded by the trial court.

**Damages — evidence — engine — condition.**

3. Plaintiff's damages, if any, must have been confined to the condition of the engine at the time plaintiff ceased to use defendants' oil, and there is an entire absence of evidence of any damage existing in the car at that time.

Opinion filed June 14, 1913. Rehearing denied October 13, 1913.

Appeal from the District Court for Cass County, *Pollock,* Judge. Affirmed.

*Pierce, Tenneson, & Cupler,* for appellant.

When a party moves for nonsuit the grounds of the motion must be clearly stated, and no other grounds can be considered by the trial court in acting upon the motion, or by the appellate court in reviewing the order. Shain v. Forbes, 82 Cal. 577, 23 Pac. 198; First Nat. Bank v. Laughlin, 4 N. D. 402, 61 N. W. 473; Tanderup v. Hansen, 8 S. D. 365, 66 N. W. 1073.

The plaintiff is entitled to recover for all such damages as may reasonably be presumed to have been contemplated by the parties at the time of sale. 30 Am. & Eng. Enc. Law, 214, See also 24 Am. & Eng. Enc. Law, 1159; 35 Cyc. 472; 17 Decen. Dig. Sales, § 442 (2), (5), (6–9); 43 Century Dig. Sales, §§ 1288, 1291, 1292; Nye & S. Co. v. Snyder, 56 Neb. 754, 77 N. W. 118; Ellis v. Tips, 16 Tex. Civ. App. 82, 40 S. W. 524; Cleveland Linseed Oil Co. v. A. F. Buchanan & Sons, 57 C. C. A. 498, 120 Fed. 906; Larson v. Calder, 16 N. D. 248, 113 N. W. 103; Needham v. Halverson, 22 N. D. 594, 135 N. W. 203.

Section 6575 of the Revised Codes of 1905 is the same as § 1853 of

the original Field's Code, and should be regarded as merely declaratory of the common law as understood by the commissioners when their report was made. Redwater Land & Canal Co. v. Reed, 26 S. D. 466, 128 N. W. 702.

The commissioners did not intend to declare a single rule of damages to be applied in all cases. Bowne v. Wolcott, 1 N. D. 421, 48 N. W. 336.

Special damages, when pleaded and proved, may be recovered, notwithstanding the language of § 6575, Revised Code, 1905. Larson v. Calder, 16 N. D. 248, 113 N. W. 103; Joy v. Bitzer, 77 Iowa, 73, 3 L.R.A. 184, 41 N. W. 575; Mitchell v. Pinckney, 127 Iowa, 696, 104 N. W. 286; Love v. Ross, 89 Iowa, 400, 56 N. W. 528; Needham v. Halverson, 22 N. D. 594, 135 N. W. 203; Nye & S. Co. v. Snyder, 56 Neb. 754, 77 N. W. 118; Tyler v. Moody, 111 Ky. 191, 54 L.R.A. 417, 98 Am. St. Rep. 406, 63 S. W. 433; Leavitt v. Fiberloid Co. 196 Mass. 440, 15 L.R.A.(N.S.) 855, 82 N. E. 682.

To recover special damages it is not necessary to prove that defendant knew the oil contained improper materials, or that defendant was guilty of fraud or other wrong. Larson v. Calder, 16 N. D. 248, 113 N. W. 103; Brown v. Doyle, 69 Minn. 543, 72 N. W. 817; Gartner v. Corwine, 57 Ohio St. 246, 48 N. E. 945; Joy v. Bitzer, 77 Iowa, 73, 3 L.R.A. 184, 41 N. W. 575; Tyler v. Moody, 111 Ky. 191, 54 L.R.A. 417, 98 Am. St. Rep. 406, 63 S. W. 433; Needham v. Halverson, 22 N. D. 594, 135 N. W. 594; Bierman v. City Mills Co. 151 N. Y. 482, 37 L.R.A. 799, 56 Am. St. Rep. 636, 45 N. E. 856.

When the oil was delivered to plaintiff, defendants impliedly warranted, as a part of the contract of sale, that there were no latent defects or improper materials in it; that it was proper for the purpose for which it was sold and bought; that their statements, as to kind, quality, purpose and use, were true. 15 Am. & Eng. Enc. Law, 1231, 1232; Bierman v. City Mills Co. 151 N. Y. 482, 37 L.R.A. 799, 56 Am. St. Rep. 636, 45 N. E. 856; Leavitt v. Fiberloid Co. 196 Mass. 440, 15 L.R.A.(N.S.) 855, 82 N. E. 682.

There was an express warranty on the part of defendants, when they labeled the oil as, "a perfect lubricant, high fire test, and noncarbonizing." The defendants, sellers, asserted a material fact, of which the plaintiff, buyer, was ignorant. This constitutes an express warranty.

35 Cyc. 372–385; White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Robson v. Miller, 12 S. C. 586, 32 Am. Rep. 518; Lyon v. Bertram, 20 How. 149, 15 L. ed. 847; Richmond Trading Mfg. Co. v. Farquar, 8 Blackf. 89; Hastings v. Lovering, 2 Pick. 214, 13 Am. Dec. 420.

There was a breach of warranty. Results attained by the use of a material may be compared with the results of like material, to prove a breach of warranty. Abbott, Trial Ev. 346; Tilton v. Miller, 66 Pa. 388, 5 Am. Rep. 373; McCormick Harvesting Mach. Co. v. Brower, 88 Iowa, 607, 55 N. W. 537; M. Forster Vinegar Mfg. Co. v. Guggemos, 98 Mo. 391, 11 S. W. 966; Wallace v. Wren, 32 Ill. 146; Blackmore v. Fairbanks, M. & Co. 79 Iowa, 282, 44 N. W. 548; Kornegay v. White, 10 Ala. 255; Schurtz v. Kleinmeyer, 36 Iowa, 392; McCormick Harvesting Mach. Co. v. Gray, 100 Ind. 290.

The question of whether there was a breach of warranty is a question of fact for the jury. Gardner v. Winter, 117 Ky. 382, 63 L.R.A. 647, 78 S. W. 143; Charter Gas Engine Co. v. Kellam, 79 App. Div. 231, 79 N. Y. Supp. 1019; Egbert v. Hanford Produce Co. 92 App. Div. 252, 86 N. Y. Supp. 1118; Ernster v. Christianson, 24 S. D. 103, 123 N. W. 713.

There was no variance between the complaint and the proof of the warranties, and of their breach. See Rev. Codes, 1905, § 6879; Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310; Robertson v. Moses, 15 N. D. 351, 108 N. W. 788.

Amendments to pleadings must show a substantial change in the *claim,* to warrant their disallowance. See Rev. Codes 1905, § 6883; Rae v. Chicago, M. & St. P. R. Co. 14 N. D. 507, 105 N. W. 721; Kerr v. Grand Forks, 15 N. D. 294, 107 N. W. 197; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114.

*Barnett & Richardson,* for respondents.

The warranties which seem to be relied upon by plaintiff have no application to this case. One who *manufactures* an article under an order for a particular purpose warrants it to be suitable for such purpose. Rev. Codes 1905, § 5424; Lukens v. Freiund, 27 Kan. 664, 41 Am. Rep. 429.

The defendants are not estopped to deny that they manufactured the oil, by reason of any statement made upon the oil can itself. An es-

toppel, to be relied upon, must be pleaded. Morris v. Ewing, 8 N. D. 99, 76 N. W. 1047; Abiline Nat. Bank v. Nodine, 26 Or. 53, 37 Pac. 47; Lincoln v. Ragsdale, 7 Ind. App. 354, 31 N. E. 581; Haugen v. Skjervhcim, 13 N. D. 616, 102 N. W. 311.

Further, it must be pleaded and proved that the party claiming an estoppel *relied upon the representations,* as to which the estoppel is claimed. Lincoln v. Ragsdale and Haugen v. Skjervheim, supra.

And such representations must be shown *to have induced the party* to act. Lincoln v. Ragsdale, supra.

The oil sold was, in fact, cylinder oil, as represented. If there was an *express warranty* in this case, plaintiff cannot rely upon any *implied* warranties. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 519, 101 N. W. 903; Tiedeman, Sales, § 182; Enger v. Dawley, 62 Vt. 164, 19 Atl. 478; Watson v. Roode, 30 Neb. 264, 46 N. W. 494; Halliday v. Briggs, 15 Neb. 219, 18 N. W. 55.

To properly permit an expert to testify as such, a foundation must be laid. Marsh v. Snyder, 14 Neb. 237, 15 N. W. 341; Osborne & Co. v. Bell, 62 Mich. 214, 28 N. W. 441.

The refusal of the court to permit an amendment, after the case had been at issue for one year and after the case had been tried, is not an abuse of judicial discretion. Webb v. Wegley, 19 N. D. 606, 125 N. W. 562.

BURKE, J. In the year 1908 plaintiff purchased a second-hand, two-cylinder Maxwell automobile. He ran the car during the year 1908, and in the spring of 1909 had the machine thoroughly cleaned and overhauled. About June 1, 1909, he started to run the car, using therein for lubricating purposes French auto oil purchased of the defendants. Upon the last-mentioned date the car stopped; and an expert was employed to repair it. The car was taken to a garage at Detroit, Minnesota, where it was discovered to be in a grossly overheated condition. The cylinders and crank case were found to contain a large deposit of carbon. After this cleaning at Detroit, plaintiff ceased to use defendants' oil, but his troubles did not cease; for upon arriving at his home in Fargo, fifty miles distant, he found the car again full of the carbon deposit. The car was thoroughly cleaned at Fargo, but upon the next trip, after covering a distance of 25 miles, the car ceased

to move under its own power, and another expert was employed, who again found the engine full of carbon. After a couple of weeks' trial the engine suddenly broke all to pieces, leaving nothing intact excepting the crank shaft. This suit was brought upon the theory that the oil furnished by defendants was defective, and had caused the damage to the car, and the sum of $780.40 and interest is demanded to reimburse plaintiff for his loss of time and repair bills. The trial was had to the jury, and at the close of the case a directed verdict for the defendant was entered.

(1) Plaintiff must recover, if at all, upon two propositions: First, that the oil was defective; and, second, that such defect caused him certain specific damages. Under the first heading we find an entire absence of proof, owing in part to the unfortunate destruction of evidence. Plaintiff himself testifies that he used the defendants' oil for a period of about thirty-four days and that finally the engine ceased to work through lack of compression, and that upon an examination the carbon deposit was discovered. However, the mere presence of the carbon deposit is no evidence that the oil was defective, because a different kind of oil which was used between Detroit and Fargo produced the same result as did the oil that was used on the subsequent trips out of Fargo. The evidence of all of the machinists is to the effect that the walls of the cylinder were scarred or fluted and that the rings of the piston head were stuck and defective. It is thus evident that the lubricating oil passed too freely up into the combustion chamber, where it was burned and left the carbon deposit. This would have happened regardless of the quality of the oil. The owner of the garage at Detroit, Minnesota, testified that he took out the valves and ground them and removed a great quantity of a gritty substance that appeared to be all over the pistons, valves, and cylinders. That this substance could be compared to black graphite or a sooty deposit of carbon, and that there was a liquid substance that could be compared to black strap molasses; that they removed the greater portion of the carbon and "did a thorough job of cleaning by scraping and using a decarbonizing liquid," having taken the pistons out of the cylinder to do so. He further testified that at that time there was nothing broken on the engine. We think this testimony important, as it is the last time that any of defendants' oil was used in plaintiff's engine, and it is all the

26 N. D.—10.

evidence there is to any damage which the engine had sustained at that time. In order to recover damages plaintiff must show that the engine was injured at that time, and that the injury was one that did not exist at the time he commenced to use defendants' oil. There is an entire absence of evidence upon those two points. If, however, we accept the presence of the carbon deposit as evidence of the existence of a defect in the engine when repaired at Detroit, July 4, we are confronted with the fact that there is no evidence that such defects had not existed when the engine was repaired June 1, 1909. The man who made the repairs at that time was not called as a witness. The evidence discloses that this was a second-hand, two-cylinder Maxwell car which had been cared for by plaintiff's porter, and which in the year 1909 was very much out of date. It is as fair to assume that the scarring of the cylinder wall resulted from the ravages of time and use as from the defective oil used during June. As plaintiff has the burden of proving that the damage was caused by the oil, he must show the same beyond mere conjecture.

(2) Another item of evidence relied upon by plaintiff to show that the oil was defective was properly excluded by the trial court. The plaintiff submitted a sample of oil to Professor Ladd for analysis. Professor Ladd turned the sample over to an assistant, whose name he could not remember at the time of the trial. A few days later this assistant made a report to Professor Ladd, who thereupon wrote to plaintiff that the "sample of oil contained quite a heavy precipitate of soap." Shortly thereafter the laboratory and records were destroyed by fire, and at the time of the trial Professor Ladd was unable to remember the incident at all. He had not made the analysis personally, and did not know who made it or that it had been made at all, excepting from the letter which he had written to plaintiff. At the trial an attempt was made to introduce into evidence the letter from Professor Ladd to the plaintiff, but it requires no argument to show that this was properly excluded. The defendants were entitled to know that the oil furnished by Mr. Knight had been actually examined, and to cross-examine the man who made the analysis.

Another matter which is relied upon by the plaintiff is as follows: That while the car was being cleaned in Fargo after the trip from Detroit, and after a large amount of carbon deposit had been cleaned

out of the cylinders, that the manager of the defendant company picked up a handful of the said substance, and told plaintiff that he was going to send it to the headquarters of the defendant; and that afterwards the treasurer of the defendant talked to the plaintiff and told him that he had heard that some other party in Texas and Missouri had had trouble with their oil, and that in that instance the trouble was traced to dirty barrels. We cannot see that this item of evidence can be warped into an admission by defendants that this oil was defective.

There is considerable evidence in the record as to the condition of the engine after July 4, but this evidence we think too remote to have any bearing on the question of the defendants' liability.

(3) While it is thus evident that there is an entire failure of competent evidence showing that the defendants are liable for any damages occasioned, it is also apparent that there is an entire absence of evidence upon the question of damages for which the defendants would have been liable had the oil caused such damage. When plaintiff had his car cleaned at Detroit all traces of the defendants' oil were removed. If the defendants were liable for any damages, they must be measured by the condition of the car at that time. It was the duty of the plaintiff to replace or repair the damaged parts at that time, and any subsequent damage resulted from the use of a defective engine. There is absolutely no evidence of the amount of the damage apparent when the car was examined at Detroit, although the man who made the examination was upon the stand. He testified that there was nothing broken, and that the cylinders were fluted and cut. There is no evidence of the cost of replacing those cylinders or repairing the damage. Besides this, it must be remembered that this was an old car, and that a part at least of the fluting and scarring of the cylinders might have been present at the time plaintiff began to use this oil. If the evidence of this case were sufficient to sustain a judgment, any owner of an old car could buy a gallon of oil of a responsible dealer, and, after it had been used, could produce his time-scarred engine in court and recover damages, whether the scars had been produced by the last gallon of oil or otherwise.

It is thus apparent that there was an entire failure of proof, and the trial court properly directed a verdict for the defendants.